**FILED**

APR - 6 2009

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAIDO METAL COMPANY, LTD.        )
13F Nagoya Hirokoji Bldg., 3-1,  )
Sake 2-Chome, Naka-Ku            )
Nagoya, Japan                    )
                                 )
            Plaintiff,           )
                                 )
        v.                       )      Case: 1:09-cv-00628
                                 )      Assigned To : Friedman, Paul L.
HON. JOHN J. DOLL                )      Assign. Date : 4/6/2009
Acting Under Secretary of Commerce for Intellectual  )   Description: General Civil
Property and Acting Director of the United States    )
Patent and Trademark Office      )
Madison Building                 )
600 Dulany Street                )
Alexandria, VA 22314             )
                                 )
            Defendant.           )
_____)

**COMPLAINT**

Plaintiff Daido Metal Company Ltd. (hereinafter "Daido") for its complaint against defendant

the Honorable John J. Doll, states as follows:

1.     This is an action by the owner of United States Patent No. 7,431,507 (hereinafter "the 507

patent"), seeking review of inaccurate and erroneous patent term adjustment calculations

made by the United States Patent & Trademark Office ("PTO").  Specifically, this is an action

by Plaintiffs under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term

adjustment of 694 days calculated by the PTO for the '507 patent should be corrected to 1095

days.

2.     This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C.

§§ 701-706.

## I. THE PARTIES

3.   Plaintiff Daido is a company operating under the laws of Japan.  Daido is located at 13F

Nagoya Hirokoji Bldg., 3-1, Sakae 2-Chome, Naka-ku, Nagoya, Japan.

4.   Defendant John J. Doll is the Acting Under Secretary of Commerce for Intellectual Property

and Acting Director of the United States Patent and Trademark Office.  Defendant is sued in

his official capacity.

## II. JURISDICTION AND VENUE

5.   This Court has jurisdiction over this action and is authorized to issue the requested relief to

Plaintiffs pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5

U.S.C. §§ 701-706.

6.   Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7.   This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A) and FRCP

6(a)(3).

## III. BACKGROUND

8.   The '507 patent issued to Daido on October 7, 2008, based on patent application number

10/862,359, which was filed on June 8, 2004.  The '507 patent is attached hereto as Exhibit

A.

9.   Plaintiff Daido is the assignee of record for the invention claimed in the '507 patent, as

evidenced by records recorded in the PTO and is the real party in interest in this case.

10.  When the USPTO issued the '507 patent on October 7, 2008, it erroneously calculated the

entitled patent term adjustment for the '507 patent as 694 days.  Had the USPTO calculated

the entitled patent term adjustment properly, the '507 patent would be entitled to 1,095 days

of patent term adjustment.

2

11.   The errors in the USPTO's patent term adjustment calculations are detailed in a recent order
      from the U. S. District Court for the District of Columbia in an action titled *Wyeth* v. *Dudas,*
      580 F. Supp. 2d 138 (D.D.C. Sept. 30, 2008) where the Court granted summary judgment
      against the USPTO, holding that the USPTO's patent term adjustment calculation
      methodology was erroneous as a matter of law and inconsistent with the Patent Statute.

12.   The correct patent term adjustment methodology identified in the prior *Wyeth* v. *Dudas*
      action governs the USPTO's calculation of patent term adjustment for Plaintiff's '507 patent.

### IV. COUNT I:  U.S. PATENT NO. 7,431,507

13.   Plaintiff incorporates by reference the allegations in paragraphs 1-12 above, as if fully set
      forth herein.

14.   During prosecution of the '507 patent, the patent owner accrued 755 days of patent term
      adjustment under 35 USC § 154(b)(1)(A), and accrued 487 days of patent term adjustment
      under 35 USC 154(b)(1)(B).

15.   Under the PTO's interpretation of 35 USC § 154, all PTA accrued under 35 U.S.C. §
      154(b)(l)(A) and all PTA accrued under 35 USC § 154(b)(l)(B) inherently overlaps and, thus,
      it has been the PTO position that a patent holder is only eligible for the larger of these two
      amounts of PTA, 755 days.  For the '507 patent, the PTO erroneously limited the patent term
      adjustment for the '507 patent to 694 days (*see* calculation in paragraph 21, below), as shown
      on the face of the '507 patent.

16.   In view of a recent decision from this Court (*Wyeth v. Dudas, supra*), all days on which 35
      USC 154(b)(1)(A) or 35 USC 154(b)(l)(B) apply should accrue patent term adjustment for
      the '507 patent.

17.   Each day from the day after August 8, 2005 (14 months from the U.S. filing date) through to
      the issuance of a Non-Final Office Action on August 24, 2007, plus each day from May 24,

2008, four months from the date of the filing of a response to a non-final action, until June 2, 2008, the date of mailing of the notice of allowance, qualify for patent term adjustment under 35 U.S.C. § 154(b)(1)(A), a total of 746 + 9 days, which totals 755 days.

18.  Furthermore, each day from the day after June 8, 2007 (3 years from the U.S. filing date) through to the issuance of the patent on October 7, 2008, qualify for patent term adjustment under 35 U.S.C. § 154(b)(l)(B), a total of 487 days.

19.  Under the interpretation of this Court (*Wyeth v. Dudas, supra*), the only actual calendar days overlap between the time periods of delay calculated under 35 U.S.C. § 154(b)(1)(A) and 35 U.S.C. § 154(b)(1)(B) are the days of 35 U.S.C. §154(b)(1)(A) delay that fall between June 8, 2007, until the issuance of the patent on October 7, 2008, which amounts to 86 days, (the 77 days between June 8, 2007, and August 24, 2007, and the nine days between May 24, 2008, and June 2, 2008, and the total PTO prosecution delay is accordingly 755 + 487 - 86 = 1,156 days, minus any period attributed to disclaimed term or applicant's delay 35 U.S.C. § (154(b)(2)(B) or (C).

20.  Plaintiff agrees with the PTO's holding of a total applicant prosecution delay of 61 days under 35 USC 154(b)(2)(B) or (C).

21.  Under the PTO's interpretation, the PTO had calculated an erroneous patent term adjustment of 755-61 = 694 days.

22.  It is accordingly believed that the overall Patent Term Adjustment accrued by the patent holder is 1,156-61 = **1,095 days**, and the patent holder accordingly requests 1,095 - 694 = 401 **ADDITIONAL days** of Patent Term Adjustment.

WHEREFORE, Plaintiff respectfully prays that this Court:

A.    Issue an Order changing the period of patent term adjustment for the '507 patent term from 694 days to 1,095 days and requiring Defendant to alter the terms of the '507 patent to reflect the 1,095 days of actual patent term adjustment due the '507 patent.

B.    Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: April 6, 2009

Respectfully submitted,

DAIDO METAL COMPANY LTD.

By: _____
Roger L. Browdy (DC Bar No. 164,251)
Ronni S. Jillions (DC Bar No. 375,817)
BROWDY AND NEIMARK, P.L.L.C
624 Ninth Street, N.W.
Washington, DC 20001
Tel.: (202) 628-5197
Fax: (202) 737-3528
Email: rlbrowdy@browdyneimark.com
       rsjillions@browdyneimark.com

Attorneys for Plaintiff

Address for mail:
BROWDY AND NEIMARK, P.L.L.C.
624 Ninth Street, NW
Washington, DC 20001
(202) 202-628-5197

5